United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE:

ARDEN VAN UPP,

_____/

No. C 10-01431 SI

File also in:  No. C 10-01699 SI;
      No. C 10-02616 SI;
      No. C 11-00178 SI;

**AMENDED ORDER DENYING EX PARTE APPLICATIONS FOR TIME TO FILE ORDER TO SHOW CAUSE; AND GRANTING EX PARTE MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S BRIEF**

Debtor Arden Van Upp has filed many appeals in her ongoing bankruptcy proceeding, including three appeals in 2010 and one appeal in 2011 that are currently pending before this Court. Debtor filed the two appeals that are Case Numbers 10-01431 and 10-01699 in April 2010. As the Court has noted previously, these cases appear to be identical.[1] Debtor then filed that appeal that is Case Number 10-02616 on June 15, 2010. Finally, debtor filed the appeal that is Case Number 11-00178 on January 12, 2011.

On June 1, 2010, Attorney Richard C. Sinclair substituted in as counsel in Case Number 10-01699. Case No. 10-01699, Doc. 7. Mr. Sinclair notified the Court that he was substituting in as counsel in Case Numbers 10-01431 and 10-02616 in February 2011.

---

[1] On April 5, 2010, debtor Arden Van Upp filed a Notice of Appeal from Bankruptcy Court in the U.S. District Court for the Northern District of California. Case No. 10-01431 SI, Doc. 1. Although it is not clear how or why this happened, it appears that the notice of appeal was also transmitted to the Bankruptcy Appellate Panel; that trustee David A. Bradlow declined to proceed before the BAP on April 16, 2010; and that trustee filed a Notice of Transfer of Appeal to the District Court on April 21, 2010. Case No. 10-01699 SI, Doc. 1. Debtor's notice of appeal and trustee's notice of transfer of appeal were each docketed separately, the former as Case No. 10-01431 and the latter as Case No. 10-01699.

For over eight months, there was no activity in any of the 2010 appeals. Then, on February 15, 2011, Mr. Sinclair notified the Court that he would be disabled through February 25, 2011. Case No. 10-01699, Doc. 8; Case No. 10-01431, Doc. 4; Case No. 10-02616, Doc. 3. The notification coincided with a filing in the new 2011 appeal in which debtor requested an extension of time to file her brief due to Mr. Sinclair's disability. Case No. 11-00178, Docs. 1, 5. The Court granted the full requested extension of time in the 2011 appeal, to March 22, 2011. Case No. 11-00178, Doc. 7.

On February 22, 2011, the Court issued Orders to Show Cause ("OSCs") in the three 2010 appeals.[2] The Court noted that it appeared that all three cases could be dismissed either for failure to prosecute or for lack of jurisdiction. The Court ordered debtor to respond by March 22, 2011, the date that Mr. Sinclair himself had requested as a deadline in the 2011 appeal.

Debtor has now requested an additional month to respond to the OSC in the 2010 appeals, as well as an additional month to file a brief in Case Number 11-00178.[3]

Mr. Sinclair's original notices of disability attached documentation that showed that, due to back surgery and recovery periods, he was unable to work from January 8, 2010 until April 18, 2010; that he was unable to participate in long hearings or trials from April 18, 2010 until November 15, 2010; and that he was unable to work from November 18, 2010 until February 25, 2011. *See* Case Number 10-02616, Doc. 3. Mr. Sinclair now attests that he is scheduled for an additional surgery and hospital stay from March 8–12, 2011, and that he will be disabled until March 31, 2011. *See* Case Number 10-02616, Doc. 8.

Mr. Sinclair has been working on at least one of debtor's appeals since June 1, 2010. Between June 1 and November 18, Mr. Sinclair was able to work, even if he was not able to participate in long hearings or trials. Yet he did not file anything in that appeal (Case Number 10-01699), or in what

---

[2] Due to a docketing error, the OSC was not docketed in Case Number 10-01699 until March 10, 2011. However, that case number was clearly listed in the heading on the OSC that was docketed in Case Number 10-01431, and it was discussed in detail in the body of the OSC. The OSC itself clearly requires debtor to show cause why *both* Case 10-01431 and Case 10-01699 should not be dismissed. And, as discussed above, the appeals in both cases appear to be identical.

[3] The Court construes debtor's request for an extension of time in Case Number 10-01431 as a request for an extension of time in Case Number 10-01699 as well, as a single OSC was issued in both cases.

appears to be an identical appeal (Case Number 10-01431), or in a third appeal that debtor filed after Mr. Sinclair had already begun representing her (Case Number 10-02616). After November 2010, Mr. Sinclair was unable to work for three months; but he did not file notice with the Court until the end of that time period or, it appears, attempt to help debtor find substitute counsel. Rather than dismiss debtor's 2010 appeals straightaway for failure to prosecute and apparent lack of jurisdiction, the Court provided debtor with an opportunity to address this Court's concerns. The Court provided debtor with the very same deadline that Mr. Sinclair had requested in Case Number 11-00178. Debtor now requests an extension that would permit her to respond to the OSCs over one year after two of her 2010 appeals were filed, and over 10 months after the third.

Given the complete lack of explanation for why no work was done on the 2010 appeals before Mr. Sinclair became fully disabled in November 2010, long after the bankruptcy record and debtor's appellate briefs should have been filed, the Court does not find that debtor has shown good cause for an extension of time. Debtor still has **until March 22, 2011** to show cause why the three 2010 appeals should not be dismissed for failure to prosecute and/or lack of jurisdiction, with specific discussion of relevant case law and applicable Federal Rules of Bankruptcy Procedure.

Debtor's appeal in Case Number 11-00178 is significantly newer and, it appears, is being prosecuted with more diligence. For example, Mr. Sinclair has represented to the Court that he ordered Bankruptcy Reporters' Transcripts on March 1, 2011. *See* Case No. 11-00178, doc. 8. Therefore, the Court will grant debtor **until April 22, 2011** to file her brief. However, the Court notes that it is not likely to grant further requests for extensions of time. If Mr. Sinclair does not continue to recover as quickly as he anticipates, it will be incumbent upon him to attempt to find substitute counsel for debtor.

For the foregoing reasons, the Court hereby DENIES debtor's Ex Parte Application for Time to File Order to Show Cause to April 22, 2011 in Case Number 10-01431 (Doc. 9) and Case Number 10-02616 (Doc. 8).  The Court GRANTS debtor's Ex Parte Motion for Extension of Time to File Appellant's Brief to April 22, 2011 in Case Number 11-00178.  (Doc. 8.)

**IT IS SO ORDERED.**

Dated: March 11, 2011

SUSAN ILLSTON
United States District Judge